ANDREW J. COLLINS ET AL. v. V. WEISS ET AL.

Decided April 22, 1903.

1.—Deed—Ancient Instrument—Forgery—Evidence.

Evidence upon an issue of forgery of a deed over thirty years old held to sustain a finding in favor of its genuineness.

2.—Continuance—Diligence Wanting.

Where, after plaintiff's case had been pending on the docket for nine months, the defendants, nearly two months prior to the trial, filed a deed among the papers of the cause and served notice thereof on plaintiff's counsel, an application for a continuance by plaintiff to obtain evidence to show the deed a for-

gery, and alleging as an excuse for not having obtained it that he had just discovered that defendants would rely on the deed, failed to show proper diligence.

**3.—New Trial—Cumulative Evidence.**

A new trial is properly denied where it is sought in order to obtain evidence which is merely cumulative, and which, in view of the opposing affidavits, does not make it reasonably probable that the result would be changed, and where the motion therefor is not accompanied by the alleged documentary evidence to be produced and the source of the applicant's knowledge as to such evidence is not disclosed.

Appeal from the District Court of Jefferson. Tried below before Hon. J. D. Martin.

*E. P. Turner,* for appellants.

*Greer, Greer & Nall* and *Crane, Greer & Wharton,* for appellees.

GILL, ASSOCIATE JUSTICE.—This action was begun by the appellants on the 21st day of June, 1901, and is in the form of an ordinary action of trespass to try title. Plaintiffs asserted title to the land sued for as the heirs of Seaburn W. Collins, Sr., deceased. The petition disclosed that all the plaintiffs resided elsewhere than in Jefferson County, wherein the land was situated, and one of the plaintiffs, Mrs. Susan Miller, resided in New Mexico. The defendants, V. Weiss and P. Weiss, who resided in Jefferson County, answered by general demurrer, general denial, plea of not guilty, and pleaded limitation of three, five and ten years. Defendant Lamar Cooper disclaimed.

A trial before the court without a jury resulted in a judgment for defendants, and plaintiffs, having appealed, seek a reversal upon the grounds: (1) That the court erred in overruling a motion for a continuance. (2) In failing to render judgment for the plaintiffs on the facts. (3) In refusing to grant a new trial on the ground of newly discovered evidence.

Plaintiffs were shown to be the heirs of Seaburn W. Collins, Sr., deceased, and as such entitled to judgment for at least a part of the land sued for, unless their ancestor had conveyed to Gadi West, under whom appellees claim, and with whose title they connect themselves.

Defendants adduced in evidence an instrument purporting to be a deed from Simon Weiss to Seaburn Collins, Sr., upon the reverse side of which was written a conveyance from Seaburn Collins to Gadi West. The purported execution of the deed from Collins to West was witnessed by the purported signatures of Dillon Collins and William Blewett as subscribing witnesses. This instrument conveying the land to West was attacked by an affidavit of forgery, filed at the hour of the trial. When offered in evidence defendants were required to and undertook to prove its execution as at common law. The grantor and the two subscribing witnesses were shown to be dead. The deed was shown to be over thirty years old, being dated —— day of ——, 1859, and to have come from the proper custody. The genuineness of the signature of the subscrib-

ing .witness William Blewett was shown without contradiction. Simmons, a brother-in-law of Seaburn Collins and of Dillon Collins, the other subscribing witness, after qualifying as to their handwriting, gave it as his opinion that both the signature of the grantor and that of Dillon Collins were genuine. This witness had had business transactions with the grantor, and had corresponded for years with Dillon Collins.

The deed in question was actually placed of record in 1894, but on account of some irregularity the record was invalid. It was proven up and again placed of record just prior to the trial. The deed from Simon Weiss to Seaburn Collins was of date March 6, 1856, but was not recorded until September 1, 1894.

On the issue of the genuineness of the deed to West, Seaburn Collins, Jr., one of the plaintiffs, became a witness and testified that he was familiar with the handwriting of his father, Seaburn Collins, Sr., and of his uncle, Dillon Collins, one of the subscribing witnesses. That the signature of neither was genuine. On cross-examination the witness admitted that he was only 11 years old when his father died, and that his death occurred in 1868. Plaintiffs offered no other evidence on the issue of forgery, and the trial court thereupon held that a preponderance of the evidence was in favor of the genuineness of the deed. In this we think the court was correct, and the assignment assailing the judgment as unsupported by the evidence is overruled.

In 1888 V. Weiss, without notice of the deed from S. Weiss to Seaburn Collins, Sr., for a valuable consideration bought of the heirs of Simon Weiss five-sixths of the land in controversy and secured deeds therefor. The trial court so found, and the finding is not assailed. So the issue of forgery and the assignments affecting that issue can in no event be material to more than one-sixth of the property in controversy.

But while the court's judgment may be correct upon the facts adduced in evidence, yet it remains to be seen whether or not error was committed in refusing a continuance, or refusing to grant a new trial. As to the continuance we are clear the court committed no error. The suit was filed June 21, 1901. There had been two continuances by consent. On March 24, 1902, the deed assailed was filed among the papers of this cause, and notice of such filing and that same would be used in evidence was promptly served upon counsel for plaintiffs. It was temporarily withdrawn for proof and record, and on May 12, 1902, was again filed in the cause and again was plaintiffs' counsel served with notice. Seaburn Collins, Jr., was the only plaintiff present at the trial. When he saw the deed he pronounced it a forgery and filed the affidavit on the eve of the trial. It is claimed in the application for continuance that he then learned for the first time that defendants would rely on the deed for title, and the continuance was asked that the testimony of the other plaintiffs might be taken and certain documents in their possession in the handwriting of their father might be brought forward for comparison with the signature to the deed.

The application shows on its face an utter and inexcusable lack of diligence. The application was not statutory, but even if it had been, under the present statute it was addressed to the sound discretion of the trial court, and it is reasonably certain that in this case he has not abused it. The absent evidence was that of parties to the controversy, and failure to sooner procure it is inexcusable. The fact that the parties plaintiff lived elsewhere than in the county of the suit makes no difference. The decree is dated May 16, 1902. On June 21, 1902, plaintiffs filed their amended motion for a new trial, and as grounds therefor they assigned, among other reasons, the fact that they had discovered additional evidence, namely, the evidence of T. J. McMahan, B. F. Perkins and P. S. Humble, whose affidavits are attached, and who affirm that they had seen the signature to the deed in question and were acquainted with the signature and handwriting of Seaburn Collins, Sr., and that the signature to the deed is a forgery. To this the defendants opposed the affidavits of others, in addition to the witnesses adduced on the trial, to the effect that the signatures were genuine.

It is apparent from what has been stated with reference to the motion for continuance that not the slightest diligence has been shown to procure this testimony in time for the trial because the applicants admit they did not know the deed would be relied on. The suit was of plaintiffs own bringing, and rested on the docket almost a year before it was tried. It behooved the plaintiff to prepare for trial, and he can not undo the solemn judgment of a court merely by coming in with affidavits affecting an issue considered at the trial, the new evidence being merely cumulative of that offered at the trial. Another objection to the motion in this regard is that it does not disclose the plaintiff's source of knowledge so that the court may judge whether it was not in his easy reach at all times.

Such a motion is addressed to the sound discretion of the trial judge. The great end of litigation and the prime purpose of courts should be just and righteous judgments. When courts can clearly foresee a just result and the means of attaining it, all matters merely of practice and all rules of mere expediency looking to a hastening to the end of litigation should ordinarily be set aside that justice may be done. Wolf v. Mahan, 57 Texas, 171.

Thus, if it had been shown that evidence had been discovered which disclosed to a moral certainty or rendered it extremely probable that the judgment was erroneous and that a new trial would result differently, much remissness on the part of plaintiffs might be forgiven. But in this case the new evidence is only cumulative, and in the light of the opposing affidavits the issue would remain in the case and another trial would not probably bring about a different result.

Another thing which doubtless impressed the trial court was that despite the fact that the motion pended undisposed of from May 16th until September 3, 1902, the plaintiffs failed to bring to their aid the docu-

ments and proof mentioned in the motion for continuance. The failure to produce this reflects upon the truth of the assertion that it existed, and incidentally affects the weight of the other evidence offered to establish the forgery. To all this may be added the further reason that the trial was before the court. He had passed upon the evidence. The weight and value of the new proof was addressed to him, and it was his duty to pass upon its probable truth in the light of the testimony adduced on the trial. It is much as if he had heard the new evidence in deposition form at the trial. He was in the best position to say whether it would have changed the result. He has held that it would not, and we are not inclined to disturb his action.

We find no reversible error in the record. The judgment is therefore in all things affirmed.

*Affirmed.*